# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 21, 1896.

## EX PARTE TRUSTEES OF CENTENNIAL M. E. CHURCH OF BALTIMORE CITY.

STOCKBRIDGE, J.—

At the close of the hearing on the demurrer filed to the answer of the purchaser by the trustee, the Court stated to counsel that the determination of the questions might be held for some time to await the decision of very similar questions now depending before the Court of Appeals.

A careful review of the cause, however, leads to the conclusion that for present purposes it is unnecessary to delay the decision for such a length of time, since there are other and controlling considerations herein, apart from the ones referred to in that suggestion.

The cause at present stands in the position of a portion of the real estate sold, the sale finally ratified by the Court, and a portion of the purchase money paid; and the trustee files a petition to compel the purchaser to pay the balance $165 still owing. To this petition the purchaser answered showing cause why he ought not to be compelled to pay the balance, and to this answer the trustee has demurred.

It will tend to clearness if at each step we consider the effect of the form and character of the pleadings. Therefore the initial inquiry is as to the effect of the demurrer.

In this State there can be no doubt upon this point. In Equity a demurrer admits the truth of the facts stated in the bill or answer to which it is filed, but not the conclusions of law drawn or sought to be drawn from them.

Young vs. Lyons, 8 Gill 162.

Reddington vs. Lanahan, 59 Md. 429.

Or, as applied to the case at bar, it is, that if the answer of Mr. White, the purchaser, sets up any material

*fact*, which fact, if substantiated by proof, would operate to relieve him, such fact must be taken to be admitted by the demurrer. It is not necessary for this that everything alleged in form as a fact should be such, but if there be one such, it will be sufficient. We have, therefore, only to consider the answer of the purchaser in connection with the petition. Several grounds of defense appear in the answer, some of them raising purely questions of law, but among other defenses the answer sets up that subsequent to the final ratification of the sale in this case on the 5th day of November, 1894, the purchaser, cestui qui trust and trustee, entered into a written agreement, under the terms of which certain things were to be done by the trustee or cestui qui trust, or both, before the purchaser should be required to carry out the sale according to its terms, and the original agreement, bearing date the 12th of November, 1894, is filed with the papers. The purchaser further alleges that the trustee and cestui qui trust have not complied with the terms of such agreement. But of these are allegations of fact, and therefore are admitted by the demurrer.

While it is true that the Agreement cover the obtention of an Act of the General Assembly, giving the sanction of that body to the holding and sale of the property in question, and the petition and answer together present an issue of construction of the act obtained, and such construction is a question of law, it is also true that the agreement provided for other matters, such as the taking of additional legal proceedings, and this it is not even pretended has been done, as the only case referred to by counsel in argument as gratifying this clause of the agreement, was an equity cause which was closed by a final decree two years before the making of the agreement in question. and therefore could not have been on November 12th, 1894, a proceeding *to be* taken.

But it is urged that this agreement of November 12th, 1894, cannot be binding upon the Trustee as being *ultra vires*, never having been approved by the Court, and because it might operate to alter the terms and conditions of a sale already ratified. There would be much force in this contention if it were made by a cestui que trust, not a party to the agreement, but it is now set up not by the cestui qui trust, but by the Trustee himself, and that when the sole cestui qui trust is also a party to the agreement, and liable to be called upon to perform its undertaking by a bill for specific performance. The agreement was one which the cestui qui trust had the right to make, if it so saw fit, and can be held to the performance of it, and to permit a trustee of this Court to repudiate his own act, even though the same was in excess of his authority, when the same was not merely assented to, but entered into by the cestui qui trust as an undertaking upon its part as well, would be to violate one of the fundamental principles of equity. The demurrer will therefore be overruled.